IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY COLEMAN, #387120,
    Plaintiff,

vs.                                          Case No. 3:08cv191/RV/EMT

DEPARTMENT OF CORRECTIONS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on May 1, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

    Plaintiff appears to name two Defendants in this action, the Florida Department of Corrections (DOC) and Warden Ellis, the warden at Santa Rosa Correctional Institution (SRCI) (*see* Doc. 1 at 1, 2).[1] Plaintiff states Warden Ellis and several other correctional officers are denying him canteen orders despite the fact that he has funds to pay for the items and does not have any liens on his inmate account (*id*. at 3). Plaintiff also states he has been assaulted more than once by officers, and he has always feared for his safety (*id*. at 4). Additionally, he alleges officers are constantly stealing his property (*id*.). Plaintiff claims that this conduct violates his Eighth Amendment rights (*id*. at 3). As relief, he seeks an investigation of "everything about my condition[s] of confinement," transfer to another institution, and an order authorizing him to purchase canteen items wherever he goes (*id*. at 4).

---

[1] Plaintiff lists the DOC and Santa Rosa Correctional Institution in the style of the case but lists the DOC and Warden Ellis in the "Parties" section of the complaint.

The court takes judicial notice of three cases previously filed by Plaintiff in the federal courts:  (1) Coleman v. Secretary for Department of Corrections, Case No. 1:99cv488-KMM (S.D. Fla. Mar. 23, 1999), (2) Coleman v. State of Florida, Case No. 1:99cv351-ASG (S.D. Fla. Mar. 26, 1999), and (3) Coleman v. State of Florida, Case No. 1:99cv755-JAL (S.D. Fla. Mar. 30, 1999). Plaintiff was incarcerated at the time of filing each of those cases, as his address of record was a penal institution, and his address did not change during the course of the litigation.  Additionally, the cases were dismissed as frivolous.

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement.  Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 1915(g); indeed, Plaintiff has been recognized as a "three striker" in the United States District Court for the Middle District of Florida, *see* Coleman v. State of Florida, et al., Case No. 2:06cv480-FtM-99DNF (M.D. Fla. Oct. 23, 2006), and the Southern District of Florida, *see* Coleman v. State of Florida, Case No. 1:01cv324-PCH (S.D. Fla. Feb. 26. 2001). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979);

McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. The alleged denial of items from the canteen and stealing of Plaintiff's property do not pose a risk of any physical injury. Furthermore, although Plaintiff alleges he has been assaulted "more than once" and that he fears for his safety, these general allegations that are not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does qualify under the imminent danger exception to § 1915(g). Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is respectfully **RECOMMENDED**:

Case No. 3:08cv191/RV/EMT

1.	That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2.	That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 15th day of May 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**